UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Clara Lewis Brockington, | ) | Civil Action No.: 4:17-cv-02090-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Clara Lewis Brockington, proceeding pro se, seeks judicial review of a final (and favorable) decision of the Commissioner of the Social Security Administration. The Commissioner has filed a motion to dismiss, and the matter is now before the Court for review of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends granting the Commissioner's motion.[1] *See* ECF Nos. 24, 30, & 32.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge entered the R & R in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(1), and Local Civil Rules 73.02(B)(2)(a) and 83.VII.02 (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

In **January 2017**, an administrative law judge ("ALJ") issued a fully favorable decision granting Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. *See* ECF No. 1-2 at pp. 1–5; ECF No. 24-1 at pp. 39–49. Plaintiff filed a request for review with the Appeals Council asserting the ALJ did not consider her request for an earlier onset date. *See* ECF No. 1-1 at pp. 1–3; ECF No. 24-2 at p. 50. In a letter dated **May 31, 2017**, the Appeals Council denied Plaintiff's request for review; this letter was apparently sent to her in an envelope postmarked **June 3, 2017**. *See* ECF No. 1-2 at pp. 6–8; ECF No. 24-2 at pp. 51–55; ECF No. 25-1 at p. 2. On **August 8, 2017**, Plaintiff filed the instant civil action against the Commissioner by filing a complaint in person at the Clerk's office. *See* ECF No. 1; R & R at p. 2.

The Commissioner has filed a motion to dismiss Plaintiff's complaint as untimely filed, and the Magistrate Judge recommends granting the motion. *See* ECF Nos. 24 & 30. Plaintiff has filed objections to the R & R, and the Commissioner has filed a reply to the objections. *See* ECF Nos. 32

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

& 35.

To obtain judicial review of the Commissioner's final decision, an individual must commence a civil action in federal district court within sixty days after receiving the Appeals Council's notice of denial of review, "except that this time may be extended by the Appeals Council upon a showing of good cause." *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). "The date of receipt of the notice is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary." *Stewart v. Soc. Sec. Admin.*, 365 F. App'x 431, 431 (4th Cir. 2010) (citing 20 C.F.R. § 422.210(c)). The Commissioner will extend the time period for filing a civil action if the individual files a written request with the Appeals Council "giv[ing] the reasons why the action was not filed within the stated time period" and "show[ing] that [she] had good cause for missing the deadline." 20 C.F.R. § 404.982.

The sixty-day time period is a statute of limitations, *Weinberger v. Salfi*, 422 U.S. 749, 763–64 (1975), and is subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 479–80 (1986). "Equitable tolling of the 60-day requirement is justified 'where consistent with congressional intent and called for by the facts of the case.'" *Hyatt v. Heckler*, 807 F.2d 376, 380 (4th Cir. 1986) (quoting *Bowen*, 476 U.S. at 479). However, "in most cases the [Commissioner] will make the determination whether it is proper to extend the period within which review must be sought . . . ." *Bowen*, 476 U.S. at 480.

Here, the Appeals Council's notice was dated May 31, 2017, and based upon the law discussed above, Plaintiff would ordinarily be presumed to have received the notice five days later on June 5, 2017 (and sixty days later would have been August 4, 2017). *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Yet, as both the Magistrate Judge and the Commissioner recognize, the envelope

3

containing the Appeals Council's notice was dated June 3, 2017. Giving Plaintiff the benefit of the doubt, she could arguably be presumed to have received the notice five days later on June 8, 2017, and sixty days later would have been August 7, 2017. *See* R & R at p. 2; ECF No. 26 at p. 1. Thus, August 7, 2017 (a Monday), would have been the last day of the sixty-day statute of limitations and the deadline for Plaintiff to file this civil action. However, Plaintiff did not file her complaint until the next day—August 8, 2017 (Tuesday). *See* ECF No. 1. Consequently, as the Magistrate Judge thoroughly explains, this action was not timely filed. *See* R & R at pp. 2–4.

In her objections, Plaintiff asserts "the United States Post Office has validated and confirmed that the mail received from the Commissioner cannot be an assured date received by Plaintiff unless it was mailed to Plaintiff **certified mail, registered mail, etc.,** which it was NOT." ECF No. 32 at p. 1 (emphasis in original). Plaintiff further indicates she did not seek an extension of the sixty-day period from the Commissioner, stating she "did not see the need to request an extension to show good cause for the action not being filed within the stated time period." *Id.* Although Plaintiff claims "[t]he limitations period was strictly followed," she fails to recognize that this action was not timely filed and is not subject to equitable tolling.[3] Accordingly, the Court will grant the Commissioner's motion and

---

[3] It is unclear whether Plaintiff specifically objects to the Magistrate Judge's proposed finding that equitable tolling is not warranted in this case, *see* R & R at p. 3, but in any event the Court agrees with that finding. Significantly, the Appeals Council's notice—attached to Plaintiff's complaint—contains a section entitled "Time to File a Civil Action" and explains in detail the sixty-day limitation period. *See* ECF No. 1-2 at p. 7; *See, e.g.*, *White v. Colvin*, 2013 WL 2476476, at *3 (E.D. Va. June 7, 2013) (finding that "despite Mr. White proceeding *pro se*, the equities that usually favor tolling the limitations period are not 'so great [here] that deference to the agency's judgment is inappropriate'" (alteration in original) (quoting *Bowen*, 476 U.S. at 480)), *aff'd*, 551 F. App'x 67 (4th Cir. 2014); *cf. Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (finding equitable tolling was inappropriate in part because "[t]he right-to-sue letter itself" notified the pro se plaintiff of the deadline for filing suit).
  Notably, the Fourth Circuit has found equitable tolling was not warranted in comparable time contexts. *See, e.g.*, *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 41–42 (4th Cir. 1993) (no equitable tolling when the plaintiff filed her complaint four days after the limitation period); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (no equitable tolling when the complaint was filed one day after the limitation period).

4

dismiss this action with prejudice. *See, e.g.*, *White v. Colvin*, 2013 WL 2476476, (E.D. Va. June 7, 2013) (dismissing the action with prejudice as untimely filed), *aff'd*, 551 F. App'x 67 (4th Cir. 2014).[4]

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 30]. Accordingly, the Court **GRANTS** the Commissioner's motion to dismiss [ECF No. 24] and **DISMISSES** this action with prejudice.[5]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
May 7, 2018  R. Bryan Harwell
 United States District Judge

---

[4] Plaintiff also objects to the R & R "on the merits," asserting she "is entitled to disability for a greater period of time than granted by the ALJ." ECF No. 32 at p. 1. Obviously, the Court cannot reach the merits because this action is untimely.

[5] Because this action was not timely filed, Plaintiff cannot cure the defects in her complaint by mere amendment. *See generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). The Court therefore declines to automatically give Plaintiff leave to amend.